IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Reggie Williams, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No. 6:22-cv-1062-TMC |
| Gem Management, | ) ) | **ORDER** |
| Defendant. | ) ) ) ) ) ) | |

Plaintiff Reggie Williams ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action in which he seems to seek overpaid rent from the Defendant—presumably his landlord. (ECF No. 20). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. (ECF No. 24 at 2–4). The Report was mailed to Plaintiff at the address he had provided the court along with a notice of Plaintiff's right to file objections. (ECF No. 26). Plaintiff then filed documents that do not refer to the Report but appear to relate to Plaintiff's claim and simply request that dismissal be denied. (ECF No. 27). The court liberally construes these documents as Plaintiff's objections to the Report. This matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to

which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Plaintiff does not refer to the Report at all, let alone any specific error contained in it. (ECF No. 27). This type of "general objection has the same effect as a failure to object," meaning that "no part of the [Report] is subject to the court's de novo review." *Alexander v. Berryhill*, No. 2:15-cv-04994-DCN, 2017 WL 1130052, at *2 n.1 (D.S.C. Mar. 27, 2017). Having reviewed the Report and the record and, finding no clear error, the court agrees with, and wholly **ADOPTS**, the magistrate judge's findings and recommendations in the Report (ECF No. 24), which is incorporated herein by reference. Accordingly, the court summarily **DISMISSES** this action with prejudice and without leave to amend.

IT IS SO ORDERED.

s/Timothy M. Cain
United States District Judge

February 23, 2023
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.